UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gamada Ahmed Hussein,                                    Court File No.  19-cv-1913 (DSD/TNL)

               Plaintiff,

                                                 **MEMORANDUM OF LAW**
                                                 **IN SUPPORT OF**
vs.                                           **STATE OF MINNESOTA'S**
                                           **MOTION TO DISMISS**

Minnesota and John Does,

               Defendants.

## INTRODUCTION

Defendant State of Minnesota ("the State") moves the Court to dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. Plaintiff's Complaint should be dismissed because the sole identified defendant, the State of Minnesota, is not a proper party and the Court does not have subject-matter jurisdiction over it. Additionally, Plaintiff's Complaint is insufficiently pleaded under Rules 8 and 12(b)(6), and Plaintiff has not properly served the State.

## BACKGROUND

Plaintiff is an individual residing in Saint Paul. He filed his Complaint on July 19, 2019, seeking "declaratory, injunctive, and monetary relief against Defendants, State of Minnesota via Minnesota Attorney General Office."[1]   (Compl. [Doc. No. 1] ¶ 1.)

---

[1]     Plaintiff also names "John Does" as defendants, but does not plead sufficient information to determine who any "John Doe" is. To the State's knowledge no "John Doe" has been served in his individual capacity, whether personally or by mail. Further, (Footnote Continued on Next Page)

Plaintiff's Complaint is 146 pages long, and comprises a laundry list of grievances against former employers, teachers, classmates, coworkers, and the law enforcement agencies of local, state, and federal government. Plaintiff's Complaint does not identify any state actor who has allegedly harmed him, aside from repeating general allegations that he has been surveilled and mistreated by "law enforcement agencies" including "Police Department, Sheriffs, State Troopers, local undercover agents, CIA, CIA undercover agents, FBI, and FBI undercover agents." (*See, e.g.*, *id.* ¶¶ 15-16, 22.) Essentially, Plaintiff alleges that unidentified agents of local, state, and federal law enforcement have surveilled Plaintiff constantly, controlled him using drugs and technology implanted in his body, and attempted to assassinate him with poison and radiation. (*Id.* at pp. 43, 60, 72-73, 81, 88-90.)[2]

The State notes that Plaintiff's Complaint appears to overlap significantly with the allegations in other cases he has filed. On February 7, 2019, Plaintiff filed *Hussein v. Barr*, No. 19-cv-292 (JRT/HB), against several named federal officials. On July 31, 2019, Magistrate Judge Hildy Bowbeer issued a report and recommendation recommending full dismissal of that case, based on lack of subject-matter jurisdiction and failure to state a claim upon which relief could be granted. (*See* Affidavit of Leah Tabbert ("Tabbert Aff."), Ex. A.) Magistrate Judge Bowbeer's report and

---

(Footnote Continued From Previous Page)

as it is unclear whether any "John Doe" is state employee, none has been indemnified pursuant to Minn. Stat. § 3.736, subd. 9, and the undersigned does not currently represent any state employee in their individual or official capacity.

[2]    Some of these allegations appear in a part of the Complaint whose paragraphs are inconsistently numbered, so they are cited by page number.

recommendation in *Hussein v. Barr* significantly relies upon an order dismissing another case brought by Plaintiff, *Hussein v. Sessions*, No. 16-cv-780 (SRN/SER), 2017 WL 1954767 (D. Minn. May 10, 2017),[3] concluding that "the new complaint adds nothing to change the outcome arrived at by Judge Nelson in *Hussein I*." (Tabbert Aff, Ex. A, at 8.) Magistrate Judge Bowbeer also found Plaintiff's claims to be frivolous, recommended that they be dismissed with prejudice, and further recommended that Plaintiff be "warned that if he continues to attempt to litigate frivolous claims in this District, he may be prevented from filing these or other similar claims in the future." (*Id.* at 19-20.)

In his claim for relief, Plaintiff lists sixteen counts. (Compl. ¶¶ 140-237.) These claims can be generally summarized in four categories: (1) violations of federal constitutional rights, including the First, Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments (*see* Counts I, V, XII-XIII, XVI); (2) violation of federal civil rights statutes, including 42 U.S.C. § 1981, § 1983, and § 1985 (*see* Counts III-IV, VI); (3) violations of other federal statutes, including the Freedom of Information Act and the Violent Crime Control and Law Enforcement Act (*see* Counts II, VII, XIV-XV); and (4) common-law torts, including battery, defamation, and invasion of privacy (*see*

---

[3]    In *Hussein v. Sessions*, Judge Susan Nelson denied Plaintiff's objection to the magistrate judge's report and recommendation, which recommended dismissing his complaint in full. *Id.* The Eighth Circuit Court of Appeals subsequently affirmed, *Hussein v. Sessions*, 715 Fed. Appx. 585 (8th Cir. 2018), and Plaintiff's petition for writ of certiorari to the United States Supreme Court was denied, *Hussein v. Whitaker*, 139 S.Ct. 832 (2019).

Counts VIII-XI, XIII).  The State, the only named defendant in Plaintiff's Complaint, hereby moves the Court to dismiss Plaintiff's Complaint with prejudice.

## STANDARD OF REVIEW

A federal court must dismiss a claim if it lacks subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1), 12(h)(3); *Kronholm v. F.D.I.C.*, 915 F.2d 1171, 1174 (8th Cir. 1990). The existence of subject-matter jurisdiction is a question of law.  *Keene Corp. v. Cass*, 908 F.2d 293, 296 (8th Cir. 1990).  Under Rule 12, "the court merely [needs] to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction."  *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015) (internal quotation marks and citation omitted).  "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate."  *Biscanin v. Merrill Lynch & Co.*, 407 F.3d 905, 907 (8th Cir. 2005).  In cases where Eleventh Amendment sovereign immunity applies, federal courts are without subject-matter jurisdiction.  *See Portz v. St. Cloud State Univ.*, 297 F. Supp. 3d 929, 939 (D. Minn. 2018) (citing *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999)).

A motion to dismiss for failure to state a claim must be granted where the complaint does not allege "enough facts to state a claim to relief that is plausible on its face" rather than merely "conceivable."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Courts must accept a plaintiff's specific factual allegations as true but are not required to accept a plaintiff's legal conclusions."  *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459

4

(8th Cir. 2010). A complaint falls short where it pleads facts that are merely consistent with a theory of liability, but does not permit the court to infer more than the possibility of misconduct. *Iqbal*, 556 U.S. at 678. Although pro se pleadings are liberally construed, they must allege facts sufficient to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## ARGUMENT

## I.    THE STATE OF MINNESOTA IS NOT A PROPER PARTY.

Plaintiff's Complaint names "Minnesota" as the only identified party in this suit. (*See generally* Compl.) The State of Minnesota only acts through its agencies and, as such, a complaint seeking relief from the State must name a particular agency administering a program or set of services on behalf of the State and whose actions allegedly harmed the plaintiff. *See Brodkorb v. Minnesota*, No. 12-cv-1958 (SRN/AJB), 2013 WL 588231, at *16-17 (D. Minn. Feb. 13, 2013) (granting motion to strike the State of Minnesota as a party where the Plaintiff's employer, the Minnesota Senate, was the "true party in interest"); *see also Meriwether Minn. Land & Timber, LLC v. State*, 818 N.W.2d 557, 573 (Minn. Ct. App. 2012) (questioning whether "the State of Minnesota" was proper party because the State "can provide no relief other than that provided by the commissioner of revenue"); *Finn v. Rendell*, 990 A.2d 100, 106 (Pa. 2010) (dismissing the state as a party and recognizing that naming the state as party "begs the question of which of the many actors compromising state government is to be held accountable").

Plaintiff's Complaint does not allege how the State of Minnesota is implicated, separate and apart from any particular state agency. Plaintiff cannot maintain a claim

against "the State" as an overarching governmental body.  As a governmental body consisting of various agencies of the branches of government, the State is not a proper party defendant in Plaintiff's Complaint.  Accordingly, Plaintiff's claims against "Minnesota" must be dismissed.

## II.    THE COURT LACKS SUBJECT-MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS AGAINST THE STATE OF MINNESOTA.

Even if the State of Minnesota were a proper party, it is immune from suit.  A state is immune from suit in federal court unless the state has consented to be sued or Congress has expressly abrogated the state's immunity. U.S. Const. amend. XI; *see also Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  Federal courts lack jurisdiction over both federal and state-law claims against unconsenting states.  *Pennhurst*, 465 U.S. at 121; *Cooper v. St. Cloud State Univ.*, 226 F.3d 964, 968-69 (8th Cir. 2000).

Minnesota has not waived its Eleventh Amendment immunity from suit in federal court.  *See DeGidio v. Perpich*, 612 F. Supp. 1383, 1388-89 (D. Minn. 1985).  Courts have consistently applied this immunity to suits under 42 U.S.C. § 1981, § 1983, and § 1985.  *See, e.g.*, *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) (§ 1983); *Roberson v. Minnesota*, No. 16-cv-2578 (ADM/HB), 2016 WL 11198359, at *4 (D. Minn. Dec. 19, 2016) (§ 1985), *R. & R. adopted*, 2017 WL 131742 (D. Minn. Jan. 13, 2017); *Smith v. Fabian*, No. 10-cv-2193 (JRT/TNL), 2012 WL 1004982, at *3 (D. Minn. Mar. 25, 2012) (§ 1981); *Beach v. State*, No. 03-cv-862 (MJD/JGL), 2003 WL 21488679, at *3 (D. Minn. June 25, 2003) (§ 1985).  Consequently, Plaintiff's Counts III, IV, and VI

must be dismissed for lack of subject-matter jurisdiction. (*See* Compl. ¶¶ 153-66, 175-81.)

The Court also lacks subject-matter jurisdiction over Plaintiff's claims of violation of various federal constitutional amendments, which do not themselves create a cause of action against state actors and must generally be pursued through the federal civil rights statutes. *See Gomez v. Toledo*, 446 U.S. 635, 638 (1980); *Lockridge v. Bd. of Trs. of Univ. of Ark.*, 315 F.3d 1005, 1016 (8th Cir. 2003) ("Section 1983 provides individuals with a civil remedy for the violation of constitutional rights."). Thus Plaintiff's Counts I, V, XII, and XVI should be dismissed on the basis of Eleventh Amendment immunity. (*See* Compl. ¶¶ 140-47, 168-74, 208-21, 229-37.)

Furthermore, Plaintiff can cite no law that shows that the State of Minnesota has waived Eleventh Amendment immunity to any triable civil suit under the other federal statutes Plaintiff invokes. Thus the Court lacks subject-matter jurisdiction over Counts II, VII, XIV, and XV of Plaintiff's Complaint, which purport to raise claims under the Freedom of Information Act, 5 U.S.C. § 552; the Privacy Act, 5 U.S.C. § 552a; the Violent Crime Control and Law Enforcement Act, 28 U.S.C. § 994; and the federal criminal statute prohibiting theft of mail, 18 U.S.C. § 1708. (*See* Compl. ¶¶ 148-52, 182-85, 218-28.)

Plaintiff's state tort claims are also barred by Eleventh Amendment immunity. The Minnesota Tort Claims Act, which is a limited waiver of the State's sovereign immunity for certain tort claims, does not waive the State's immunity from suit in federal court. *See* Minn. Stat. § 3.736, subdiv. 2; *Hoeffner v. Univ. of Minn.*, 948 F. Supp. 1380,

1392-93 (D. Minn. 1996) (holding that the Minnesota Tort Claims Act was not an express waiver of the State's immunity under the Eleventh Amendment); *see also DeGidio v. Perpich*, 612 F. Supp. 1383 (D. Minn. 1985). Furthermore, should the Court dismiss all federal claims in this case, then it should decline to exercise supplemental jurisdiction over Plaintiff's state claims "to avoid needless decisions of state law…as a matter of comity." *ACLU v. City of Florissant*, 186 F.3d 1095, 1098-99 (8th Cir. 1999); *see* 28 U.S.C. § 1367(c)(3). For that reason, the Court should dismiss Plaintiff's Counts VIII-XI and XIII. (*See* Compl. ¶¶ 186-206, 213-17.)

### III.    PLAINTIFF'S COMPLAINT FAILS TO COMPLY WITH RULE 8.

A further, independent basis for dismissal is the Complaint's failure to abide by Rule 8. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "At a minimum…a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations." *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998); *see also Schatz Family v. Gierer*, 399 F. Supp. 2d 973, 983 (E.D. Mo. 2004) (finding that plaintiff must at a minimum "clearly delineate who she is suing, and for what cause of action, and there must be some factual context in the complaint[.]").

It is a plaintiff's burden to reasonably investigate their claims, research the relevant law, to plead only viable claims, and to plead those claims *concisely and clearly*, so that a defendant can readily respond to them and a court can readily resolve them. *Gurman v. Metro Hous. & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1153 (D. Minn.

2011) (dismissing the plaintiff's complaint for failure to comply with Rule 8). Courts have repeatedly criticized the filing of "kitchen-sink" or "shotgun" complaints— complaints in which a plaintiff brings every conceivable claim against every conceivable defendant. *Id.; see also Trang Nguyen v. Lokke*, No. 11-cv-3225 (PJS/SER), 2013 WL 4747459, at *1 n.1 (D. Minn. Sept. 4. 2013). Such complaints unfairly burden defendants and the courts, and shifts onto the defendants and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support. *Gurman*, 842 F. Supp. 2d at 1153. Plaintiff's Complaint spans nearly 150 pages and purports to raise 16 claims. It reads as a laundry list of complaints and grievances from the past 10 years, including a period during which Plaintiff lived and worked in Missouri. (*See* Compl. ¶¶ 53-68.) Plaintiff has failed to make a short and plain statement of his right to relief and his Complaint should be dismissed.

## IV. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Finally, even if the Plaintiff could sue the State, and the State was not immune, and Rule 8 was not an obstacle, the Complaint should be dismissed for failure to state a viable claim. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Specifically, a plaintiff must plead facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must therefore include "enough facts to state a claim to relief that is

plausible on its face." *Id.* at 570. Plaintiff's Complaint fails to state a claim that is plausible on its face with respect to any count in his Complaint.

### A.    Claims under Federal Civil Rights Statutes

Plaintiff's civil rights claims should be dismissed. First, to the extent that Plaintiff alleged that the State is liable for violation of 42 U.S.C. § 1983 or 42 U.S.C. § 1985, these statutes impose liability only on "persons" who subject individuals to a deprivation of rights. It is well established that the State is not a "person" for purposes of federal civil rights statutes. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). For this reason, Plaintiff cannot state a claim against the State for violation of § 1983 or § 1985, and cannot use those statutes as a vehicle for his civil challenge to State actions that he alleges have violated his constitutional rights.

Furthermore, Plaintiff simply fails to plead facts that give rise to a plausible claim of violations of his constitutional rights. Plaintiff's Complaint is composed primarily of conclusory allegations and bare assertions with little to no factual support, and these allegations do not give rise to any reasonable inference that the State could be held liable. *See Hussein v. Sessions*, 2017 WL 1954767, at *4 (holding that similar allegations in Plaintiff's prior complaint failed to state a plausible claim of constitutional violations). Several of Plaintiff's allegations, such as his claim that "defendants use software to control plaintiff's body movements and change plaintiff's mood whenever they want," are implausible on their face and cannot give rise to a triable claim. (Compl. ¶ 119.)

The bulk of Plaintiff's remaining allegations simply describe conflicts that Plaintiff has had with past employers, coworkers, family members, and classmates, and

state in a conclusory fashion that these conflicts were caused by the interference of various law enforcement agencies. (*See, e.g.*, *id.* ¶¶ 43, 45, 96.) The only state entity that Plaintiff names in any of these allegations is "State Troopers," but he does not specify which actions were taken by state troopers as opposed to other law enforcement agencies, when, and which individual state employee were involved. The general, conclusory statements do not raise a right to relief above the speculative level, and Plaintiff's claims should be dismissed.

### B.    Claims under Other Federal Statutes

Plaintiff alleges four counts based on other federal statutes. He claims liability for violation of the Freedom of Information Act, 5 U.S.C. § 552, and also the Privacy Act of 1974, 5 U.S.C. § 552a. (Compl. ¶¶ 148-51, 281-22.) These statutes govern the release of information by an "agency," and both define "agency" as "each authority of the Government of the United States." 5 U.S.C. §§ 551(1); 552a(a)(1); 552(e). This definition does not apply to state agencies, and therefore Plaintiff cannot state a claim against the State of Minnesota for alleged violation of the Freedom of Information Act. *See, e.g.*, *St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369, 1373 (9th Cir. 1981); *Shakopee Mdewakantan Sioux (Dakota) Cmty. v. Hatch*, No. CIV011737 (ADM/AJB), 2002 WL 1364113, at *6 (D. Minn. June 20, 2002) ("The FOIA applies only to records held by a federal government agency.").

Plaintiff alleges liability for violation of the Violent Crime Control and Law Enforcement Act, 28 U.S.C. § 994. (Compl. ¶¶ 223-28.) This claim must fail. First, this statute establishes the duties of the United States Sentencing Commission and has no

discernible relation to state actors or institutions.  28 U.S.C. § 994(a)(1)-(3).  Second, the statute does not create a private cause of action.  *See Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("[P]rivate rights of action to enforce federal law must be created by Congress."); (*see also* Tabbert Aff., Ex. A, at 17-18 (holding in report and recommendation that 28 U.S.C. § 994 does not create a private right of action).)

Plaintiff's Count VII alleges liability based on a federal criminal statute, the statute prohibiting theft of mail, 18 U.S.C. § 1708.  As Judge Nelson held in her decision dismissing Plaintiff's claims in *Hussein v. Sessions*, this statute does not give rise to a private cause of action.  2017 WL 1954767, at *5; *see also Hussein v. Sessions*, No. 16-cv-780 (SRN/SER), 2017 WL 8947249, at *6-7 (D. Minn. Mar. 3, 2017) (Report and Recommendation; conducting detailed analysis of whether § 1708 implies a private cause of action).  Thus, Plaintiff's Counts II, VII, XIV, and XV all fail to state a claim upon which relief may be granted.

### C.    State-Law Tort Claims

If the Court dismisses Plaintiff's federal claims for any reason, it should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.  *See supra* Part II. However, even if the Court decides to also evaluate Plaintiff's state law claims under Rule 12(b)(6), they should be dismissed for failure to state a claim.  Plaintiff's Complaint is composed of general, conclusory statements, factual allegations that are implausible on their face, and numerous descriptions of actions by non-state actors that do not provide any concrete link to state action.  Plaintiff's claims that the State is liable for common-law torts of battery, invasion of privacy, defamation, intentional infliction

of emotional distress, and false imprisonment are not supported by factual allegations giving rise to a plausible claim for relief.

For the above reasons, Plaintiff's Complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## V.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR IMPROPER SERVICE.

Although the Court can and should dismiss Plaintiff's Complaint on the grounds already described, the State also notes that Plaintiff's Complaint could be dismissed for improper service.  While pro se pleadings are to be construed liberally, this Court should not ignore the requirement that Plaintiff effect proper service of process.  *Hinz v. Washington Mutual Home Loans*, 2004 WL 729239 at *2 (D. Minn. April 2, 2004).  "Pro se litigants are not excused from complying with court orders or substantive and procedural law."  *Farnsworth v. City of Kansas City*, 868 F.2d 33, 34 (8th Cir. 1988) (per curiam).

Plaintiff "has the ultimate burden [of] establishing the validity of service of process."  *A.C. ex rel. M.C. v. Ind. Sch. Dist. No. 152*, Civ. No. 06–3099 (DWF/RLE), 2006 WL 3227768, at *4 n.4 (D. Minn. Nov. 7, 2006) (citation omitted).  "In the absence of service of process (or waiver of service by defendant), a court ordinarily may not exercise power over a party."  *Murphy Bros., Inc v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999) (citations omitted); *accord Printed Media Serv., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993).  This is true even if a defendant has actual notice of the lawsuit.  *Hubbard v. Citi Mortg., Inc.*, CIV. 13-2189 (JRT/JSM), 2014 WL 1309112, at *10 (D. Minn. Mar. 31, 2014) (citing *Sieg v. Karnes*, 693 F.2d 803, 807 (8th Cir. 1982)).

Under the Federal Rules of Civil Procedure, service of process can be effected upon individuals "pursuant to the law of the State in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State." Fed. R. Civ. P. 4(e)(1). Under Minn. R. Civ. P. 4.03(d), service upon the State may be made only by delivering a copy to the attorney general, a deputy attorney general, or an assistant attorney general. Furthermore, the Minnesota Rules of Civil Procedure, like the federal rules, preclude a party from serving process. Minn. R. Civ. P. 4.02 ("[T]he sheriff or any other person not less than 18 years of age and not a party to the action, may make service of a summons or other process."); Fed. R. Civ. P. 4(c).

Plaintiff did not serve the State with a copy of the summons and complaint in a manner authorized by state and federal rules, because Plaintiff has not personally served a copy on the attorney general, a deputy attorney general, or an assistant attorney general. Instead, on July 19, 2019, Plaintiff emailed a digital copy of his Summons and Complaint to the Attorney General's Office email address: Attorney.General@ag.state.mn.us. (Tabbert Aff. ¶ 2.) Service by email is improper unless expressly authorized by the party to be served. *See DeCook v. Olmsted Med. Ctr., Inc.*, 875 N.W.2d 263, 271 (Minn. 2016) (holding that evidence of agreement to "forego formal service and, instead, be served by email" was sufficient to defeat claim of insufficient service).

Plaintiff did personally deliver a copy of his certificate of service to the Attorney General's Office on July 22, 2019. (*Id.*, Ex. B.) However, he did not deliver a paper copy of his Summons and Complaint at that time. (*Id.* ¶ 3.) Even if he had, this would

14

have been improper service by a party under Minn. R. Civ. P. 4.02.  Plaintiff has not properly served the State with service of process and Plaintiff's Complaint may be dismissed for lack of personal jurisdiction.

## CONCLUSION

Based on the foregoing, the State respectfully requests that the Court grant its motion and dismiss Plaintiff's Complaint with prejudice.  Also, in light of the similarity between this suit and other suits by Plaintiff that have been subject to meritorious motions to dismiss, the State  echoes Magistrate Judge Bowbeer's recommendation that Plaintiff be warned against filing further frivolous suits.


Dated: August 8, 2019                              Respectfully submitted,

                                                   KEITH ELLISON
                                                   Attorney General
                                                   State of Minnesota

                                                   s/ **Leah M. Tabbert**
                                                   LEAH M. TABBERT (#0398259)
                                                   Assistant Attorney General

                                                   445 Minnesota Street, Suite 1100
                                                   St. Paul, Minnesota 55101-2128
                                                   (651) 757-1217 (Voice)
                                                   (651) 282-5832 (Fax)
                                                   leah.tabbert@ag.state.mn.us

                                                   ATTORNEY FOR DEFENDANT
                                                   STATE OF MINNESOTA

|#4533964-v1