United States District Court
District of Minnesota
Civil No. 19-1913(DSD/TNL)

Gamada Ahmed Hussein,

              Plaintiff,

v.                                          ORDER

Minnesota and John Does,

              Defendants.


       Gamada Ahmed Hussein, P.O. Box 4128, Saint Paul, MN 55104,
       plaintiff pro se.

       Leah M. Tabbert, Minnesota Attorney General's Office, 445
       Minnesota Street, Suite 1100, Saint Paul, MN 55101, counsel
       for defendants.


       This matter is before the court upon the motion to dismiss

the complaint by defendant State of Minnesota (the State) and the

motion for preliminary injunction by pro se plaintiff Gamada

Hussein.  Based on a review of the file, record, and proceedings

herein, and for the following reasons, the motion to dismiss is

granted and the motion for preliminary injunction is denied.


                           **BACKGROUND**

       In July 2019, Hussein filed a complaint against "Minnesota

and John Does" seeking "declaratory, injunctive, and monetary

relief against Defendants, State of Minnesota via Minnesota

Attorney General Office." Compl. at 1–2.[1] Hussein, a Muslim man of Ethiopian decent, alleges that the State has deprived him of his constitutional rights on the basis of his "race, religion, color of his skin, ethnicity, alienage, ancestry, and/or national origin." Id. at 2, 5. Among other things, Hussein contends that "[p]olice department[s], Sheriffs, State Troopers, and local undercover agents" acted in concert with the CIA and FBI to unlawfully surveil, torture, oppress, harass, discriminate against, intimidate, and defame him. Id. at 5. He also alleges that the State controls his mind and body through drugs, witchcraft, and technology implanted in his body, and that it has poisoned him and attempted to assassinate him on numerous occasions. See generally id. Hussein states that former Governor Mark Dayton and current Governor Tim Walz, as well as former Attorney General Lori Swanson and present Attorney General Keith Ellison, are aware of the State's actions, but he does not allege that any of these individuals have been involved in his alleged persecution. See, e.g., id. at 65–66. Throughout his complaint, Hussein also seems to imply that the "[p]olice department[s], Sheriffs, State Troopers, and local undercover agents," as well as the CIA and FBI, are defendants in the instant suit. See, e.g.,

---

[1] Because Hussein's complaint contains inconsistently numbered paragraphs, the court cites to the ECF page number when referencing allegations made in the complaint.

id. at 5, 18, 25, 35–36, 40, 51, 64. Hussein stated at the hearing that he could name individual defendants if he wanted to, but he has failed to do so.

The State now moves to dismiss on the grounds that it is immune from suit under the Eleventh Amendment or, in the alternative, that Hussein has failed to state a claim and has improperly served the State.


## DISCUSSION

### I.   Eleventh Amendment Sovereign Immunity

A court must dismiss an action over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). In a facial challenge under Rule 12(b)(1), the court accepts the factual allegations in the pleadings as true and views the facts in the light most favorable to the nonmoving party. See Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008). In considering a facial 12(b)(1) challenge, the court limits its inquiry to the pleadings. Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990).

The doctrine of sovereign immunity derives from the Eleventh Amendment and prohibits an individual from suing a state, regardless of the relief sought, unless the state consents to suit or Congress abrogates state immunity. See U.S. Const. amend. XI; Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54–56 (1996);

Klingler v. Dep't of Revenue, 455 F.3d 888, 893 (8th Cir. 2006) (citing Hans v. Louisiana, 134 U.S. 1, 15 (1890)).  The Eleventh Amendment also bars bringing state-law claims against an unconsenting state in federal court.  Cooper v. St. Cloud State Univ., 226 F.3d 964, 968 (8th Cir. 2000).  A federal court must dismiss an action barred by the Eleventh Amendment for lack of subject-matter jurisdiction.  See Seminole Tribe, 517 U.S. at 64–65.

Although Hussein alleged at the hearing that he could have sued individual state actors by name, the fact remains that he has not done so.  Hussein sued only the State and unnamed "John Does."  The State has not waived its sovereign immunity with regard to any of Hussein's claims.  Any relief sought for the alleged violations of Hussein's constitutional rights must be brought through the federal civil rights statutes, as the amendments themselves do not create a cause of action against the State.  See Gomez v. Toledo, 446 U.S. 635, 638 (1980); cf. Lockridge v. Bd. of Trs. of Univ. of Ark., 315 F.3d 1005, 1016 (8th Cir. 2003).  The State has not waived its sovereign immunity with regard to suits brought under §§ 1981, 1983, or 1985.  See, e.g., Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997) (holding the state has not waived immunity for claims brought under § 1983); Roberson v. Minnesota, No. 16-2578, 2017 WL 131742 (D. Minn. Jan. 13, 2017) (adopting report and recommendation holding that the state has not waived sovereign

4

immunity for claims under § 1985); <u>Smith v. Fabian</u>, No. 10-2193, 2012 WL 1004982 (D. Minn. Mar. 25, 2012) (holding the state has not waived sovereign immunity for claims under § 1981).  As such, Counts I, III-VI, XII, and XVI, alleging violations of Hussein's constitutional rights or violations of §§ 1981, 1983, and 1985, must be dismissed for lack of subject matter jurisdiction.

Sovereign immunity also bars Hussein's claims that the State violated the Freedom of Information Act, the Privacy Act, the Violent Crime Control and Law Enforcement Act, and the federal criminal statute prohibiting theft of mail.  Hussein has not cited, and the court has been unable to find, any statute or case law to show that the State has waived its Eleventh Amendment immunity as to any of those claims.  Accordingly, Counts II, VII, XIV, and XV must also be dismissed.

Finally, the State is immune from Hussein's claims that it committed various state-law torts against him.  Although the Minnesota Tort Claims Act provides a limited waiver of the State's sovereign immunity with regard to certain tort claims, it does not waive the State's immunity from suit in federal court.  Minn. Stat. § 3.736, subdiv. 2; <u>see</u> <u>Hoeffner v. Univ. of Minn.</u>, 948, F. Supp. 1380, 1392-93 (D. Minn. 1996) (holding that the Minnesota Tort Claims Act did not expressly waive the State's Eleventh Amendment sovereign immunity).  Therefore, Counts VIII-XI, and XIII must be dismissed as well.

## II. Failure to State a Claim

Even if Hussein's claims were not barred by the State's Eleventh Amendment immunity, his claims must also be dismissed for failure to state a claim. To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. When evaluating a motion to dismiss for failure to state a claim, the court must accept plausible factual allegations as true. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

A plaintiff may bring claims under §§ 1981, 1983, and 1985, for a violation of his constitutional rights only against "persons." See 42 U.S.C. §§ 1983, 1985; see also Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 733 (1979) (holding that § 1983

provides "the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units"). The State is not a "person" that can be held liable under §§ 1983 or 1985. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Because the State is not a "person" subject to liability under §§ 1983 or 1985, and Hussein has not identified any individuals responsible for the alleged violation of his constitutional rights, his claims for relief under §§ 1981, 1983, and 1985, as well as any claims that the State violated his various civil rights, are dismissed for failure to state a claim.

Hussein's claims brought under various other federal statutes also fail to state a claim. First, both the Freedom of Information Act and the Privacy Act govern the release of information by an "agency," which is defined as "each entity of the Government of the United States." See 5 U.S.C. §§ 551(1); 552a(a)(1); 552(e). The State is not an "entity of the Government of the United States," and thus Hussein cannot state a claim against the State for violation of these statutes. Hussein's claims brought under 18 U.S.C. § 1708 and the Violent Crime Control and Law Enforcement Act also fail, as neither statute creates a private right of action. See 28 U.S.C. § 994; Alexander v. Sandoval, 532 U.S. 275, 286 (2001) ("[P]rivate rights of action to enforce federal law must be created by Congress."); Hussein v. Barr, No. 19-292, 2019 WL 4463402, at *2 (D. Minn. Sept. 18, 2019) (adopting report and

recommendation holding that 28 U.S.C. § 994 does not create a private right of action); <u>Hussein v. Sessions</u>, No. 16-780, 2017 WL 1954767, at *5 (D. Minn. May 10, 2017) (adopting report and recommendation holding that 18 U.S.C. § 1708 does not create a private right of action). Accordingly, Hussein's claims under these federal statutes are dismissed.

Finally, Hussein's state-law tort claims must also be dismissed for failure to state a claim. Although the court must take Hussein's factual allegations as true, it need not accept his "labels and conclusions" as true. <u>Iqbal</u>, 556 U.S. at 678. Here, Hussein has not pleaded facts to raise a right to relief above the speculative level. <u>Twombly</u>, 550 U.S. at 555. Beyond the mere fact that Hussein has not alleged how the State committed torts against him, his claims cross over into the realm of being "fanciful," "fantastic," and "delusional." <u>See</u> <u>Denton v. Hernandez</u>, 504 U.S. 25, 32–33 (1992) (stating that a court may discount allegations that are "clearly baseless" because they are "fanciful ... fantastic ... and delusional"). Hussein's allegations that the State has controlled his mind and body via witchcraft, drugs, and technology implanted in his body, or that it has poisoned him and shot him with lasers do not raise a right to relief beyond the speculative level. <u>See</u> <u>Birapaka v. U.S. Army Research Laboratory</u>, No. 17-4090, 2018 WL 1866038 (D. Minn. Apr. 18, 2018) (dismissing plaintiff's suit alleging defendants were

controlling the plaintiff's mind and body through technology even though the plaintiff put forth evidence that a "foreign device" consisting of "implantable biosensor technology" had been removed from his body), aff'd, 754 Fed. App'x 495 (8th Cir. Feb. 28, 2019), petition for cert. filed, (U.S. Aug. 14, 2019) (No. 19-6286). As such, Hussein's state law tort claims are dismissed for failure to state a claim.

## III. Improper Service

Dismissal of the complaint is also warranted for improper service of process. Without effective service or waiver of process, the court lacks personal jurisdiction over a defendant. See Printed Media Servs., Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993). A plaintiff must make a prima facie showing that the court has personal jurisdiction over the defendants. See Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996). When considering whether personal jurisdiction exists, the court views the evidence in the light most favorable to the plaintiff and may consider matters outside the pleadings. Id.; see Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072-73 (8th Cir. 2004).

Under the Federal Rules of Civil Procedure, service of process on individuals may be effected pursuant to the law of the state in which the district court sits. Fed. R. Civ. P. 4(e)(1). Under Minnesota Rule of Civil Procedure 4.03(d), the State may only be

served by delivering a copy of the summons and complaint to the attorney general, a deputy attorney general, or an assistant attorney general. Personal service by a party to the action is improper, as is service via email. See Fed. R. Civ. P. 4(c); DeCook v. Olmsted Med. Ctr., Inc., 875 N.W.2d 263, 271 (Minn. 2016) (holding that service by email may be sufficient only where the parties have agreed to such service).

Here, Hussein has put forth no evidence that the State has been properly served. It appears that Hussein emailed a digital copy of the summons and complaint to the Minnesota Attorney General's Office email address. See Tabbert Aff. ¶ 3. Hussein has not proffered any evidence that the State has consented to service via email. Hussein may have also attempted to deliver a certificate of service in person to the Attorney General's office. See id. ¶ 4. Such in-person service of documents is, however, improper under the Federal Rules of Civil Procedure.

Hussein argues that he properly served the State pursuant to Federal Rule of Civil Procedure 5. Pl.'s Opp. to Def.'s Mot. to Dismiss 7. But Rule 5 is unhelpful here because it pertains to service of documents other than the summons and complaint. Without proper service of the summons and complaint under Rule 4, the court lacks personal jurisdiction over the State and Hussein's complaint must be dismissed.

## IV. Preliminary Injunction

In determining whether to issue a preliminary injunction, the court considers: (1) the threat of irreparable harm to the movant in the absence of relief, (2) the balance between the harm to the movant in the absence of relief and the harm that the relief may cause the non-moving party, (3) the likelihood of the movant's ultimate success on the merits, and (4) the public interest. Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc). Given that Hussein would not succeed on the merits of his case, as discussed above, his motion for preliminary injunction must be denied.

### CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 6] is granted;

2. The motions for preliminary injunction [ECF Nos. 14, 21] are denied; and

3. The complaint [ECF No. 1] is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 4, 2019          s/David S. Doty
                                 David S. Doty, Judge
                                 United States District Court